IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>STEVE MARK SWENA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DISMISSING MOTION FOR CREDIT FOR TIME SERVED WITHOUT PREJUDICE<br><br><br><br>Case No. 2:03-CR-933 TS |

Defendant seeks an order granting him credit for time served. Because Defendant proceeds pro se, the Court construes his Motion liberally.

18 U.S.C. § 3585(b) provides that "[a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences . . . that has not been credited against another sentence." The Bureau of Prisons ("BOP") has long been responsible for computing sentence credit under § 3585(b).[1] "[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence

---

[1] *United States v. Wilson*, 503 U.S. 329, 335 (1992) ("After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence.").

1

credit in the first instance."[2]  Until the Attorney General, through the BOP, makes a § 3585(b) determination, the matter is not ripe for Court review, and the Court lacks jurisdiction.[3]

Thus, Defendant must first exhaust all of his administrative remedies with the BOP before he seeks judicial intervention regarding the calculation of credit for time served on his sentence.  Once he has done so, if he is not satisfied with the BOP's resolution of his request for sentence credit, he may raise the issue by filing a petition under 28 U.S.C. § 2241.  Such petition must be filed in the judicial district where Defendant is held in custody at the time such a Petition is filed.  It is therefore

ORDERED that Defendant's Motion for Credit for Time Served (Docket No. 917) is DISMISSED without prejudice.

DATED   August 12, 2009.

BY THE COURT:

TED STEWART
United States District Judge

---

[2] *United States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994).

[3] *Id*.